**FILED**
**U.S. District Court**
**District of Kansas**
07/06/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN A. EDWARDS,

        **Plaintiff,**

        v.                           **CASE NO. 26-3085-JWL**

SHAWNEE COUNTY JAIL, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Benjamin A. Edwards is hereby required to show good cause, in writing to the undersigned, why his claims in Counts II and III should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Shawnee County Jail in Topeka, Kansas ("SCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.  On May 20, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why his claims should not be dismissed and granting him an opportunity to file an amended complaint to cure the deficiencies noted in the MOSC.  Plaintiff has filed an Amended Complaint (Doc. 10).  The Court's screening standards are set forth in the MOSC.

Plaintiff alleges that on February 22, 2026, he discovered that he had a hernia and put in a sick call request.  (Doc. 10, at 2.)  Plaintiff claims that they gave him Tylenol, but it took them two and a half months to give him a hernia belt, after he had passed out twice.  *Id*. at 1, 2. Plaintiff claims that the Tylenol made it worse, and his hernia swelled up to the size of his fist.  *Id*. at 2.

Plaintiff claims that on March 16, 2026, they put him in a suicide cell for no reason. *Id*. at 3. Plaintiff claims there was feces "all in it," and he told many correctional officers about it. *Id*. Plaintiff claims that the correctional officers told him they did not know why he was in the suicide cell. *Id*. Plaintiff claims that he got sick 24 hours after eating food in that cell. *Id*. at 4.

As Count I, Plaintiff alleges that he was denied care for his serious medical need. *Id*. at 5. Plaintiff claims that Defendants Hammond, Russo, Michael, and Mazatan told him that he had to wait until he got out to see a doctor. *Id*. Plaintiff claims that they made his condition worse. *Id*.

As Count II, Plaintiff alleges that "they" placed him in a suicide cell that had feces in it causing him to become ill. *Id*. As Count III, Plaintiff alleges "neglected medical that caused great body harm." *Id*. at 6. Plaintiff alleges that on March 16, 2026, he told the nurses that he was not feeling well, and they told him to put in a sick call slip. *Id*. Plaintiff claims that he had already done that, and it caused him to fall down some stairs. *Id*.

Plaintiff names as defendants:  the Shawnee County Jail; K. Hammond, PA at SCJ; E. Russo, LPN at SCJ; A. Michael, LPN at SCJ; and T. Holte Mazatan, LPN at SCJ. For relief, Plaintiff seeks to have surgery and an amount for his depression. *Id*. at 7.

## II.  DISCUSSION

### A.  Count II

As Count II, Plaintiff alleges that "they" placed him in a cell with feces in it on March 13, 2026. The Court advised Plaintiff in the MOSC that because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime

importance." *Id*.  As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases.  Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).  Plaintiff has failed to allege that he was subjected to the conditions in the cell for more than one or two days.

Plaintiff has also failed to allege who was responsible for placing him in the cell or who he told about the feces in the cell.  He mentions correctional officers, but he has not named a correctional officer as a defendant.  The Court advised Plaintiff in the MOSC that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  An assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or to show personal responsibility by an individual defendant.  *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249–50 (10th Cir. 2020) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)).

Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*. Plaintiff has failed to show personal participation and has failed to show deliberate indifference. Plaintiff should show good cause why his claim in Count II should not be dismissed for failure to state a claim.

## B.  Count III

Plaintiff alleges in Count III that the nurses told him to put in a sick call request when he was not feeling well, and it caused him to fall down some stairs. Plaintiff fails to name who he told that he was not feeling well. Plaintiff has also failed to provide details on why being asked to put in a sick call request caused him to fall down some stairs. Plaintiff has failed to allege deliberate indifference by any defendant and has failed to allege a serious medical need. A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). Plaintiff should show good cause why his claim in Count III should not be dismissed for failure to state a claim.

## C.  Improper Defendant

The Court found in the MOSC that the SCJ was not a proper defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

4

of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

The Court found in the MOSC that Plaintiff's claims against the SCJ are subject to dismissal. Plaintiff continues to name the SCJ as a defendant in his Amended Complaint. Plaintiff's claims against the SCJ are dismissed.

### D.  Count I

As Count I, Plaintiff alleges that the medical providers at the SCJ refused to allow him to see a doctor, only gave him Tylenol for his hernia, and waited two and a half months to give him a hernia belt.  Plaintiff claims that Defendants Hammond, Russo, Michael, and Mazatan told him that he had to wait until he got out to see a doctor.  Plaintiff alleges that his hernia was swollen to the size of his fist, was making him sick, and caused him to pass out.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment.[1]  "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v.*

---

[1]  It appears that Plaintiff may be a pretrial detainee.  The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).

*Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).   The "deliberate indifference" standard includes both an objective and a subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted).  In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted).  A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

 "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  *Id*. (quoting *Sealock*, 218 F.3d at 1209).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).  In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay.  *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).  "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

"A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit has clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Id*. at 1139. "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id*. (citations omitted). Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*. "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted). The Court finds that Plaintiff's claim in Count I survives screening.

## III.  Response Required

Plaintiff is required to show good cause why Plaintiff's claims in Counts II and III should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of these claims without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims against the SCJ are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 6, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's claims in Counts II and III should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's claims in Count I survive screening.  The Clerk is directed to send waivers of service to Defendants K. Hammond, E. Russo, A. Michael, and T. Holte Mazatan.  The Clerk is also directed to send a copy of this Memorandum and Order to the Shawnee County District Attorney.

**IT IS SO ORDERED**.

**Dated July 6, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**