**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BENJAMIN A. EDWARDS,**

**Plaintiff,**

**v.** **CASE NO. 26-3085-JWL**

**SHAWNEE COUNTY JAIL, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Shawnee County Jail in Topeka, Kansas ("SCJ"). Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On May 20, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why his claims should not be dismissed and granting him an opportunity to file an amended complaint to cure the deficiencies noted in the MOSC. Plaintiff filed an Amended Complaint (Doc. 10). The Court screened the Amended Complaint and entered a Memorandum and Order (Doc. 11) ("M&O") dismissing Plaintiff's claims against the SCJ, finding that Plaintiff's claims in Count I[1] survive screening, and ordering Plaintiff to show good cause why his claims in Counts II and III should not be dismissed for the reasons set forth in the M&O. The Court also directed the Clerk to send waivers of service to Defendants K. Hammond, E. Russo, A. Michael, and T. Holte Mazatan. The waivers were returned executed, and those defendants have now filed an Answer (Doc. 18).

[1] Plaintiff claims that he was denied medical care for his hernia. As Count I, Plaintiff alleges that he was denied care for his serious medical need. He claims that Defendants Hammond, Russo, Michael, and Mazatan told him that he had to wait until he got out to see a doctor. Plaintiff claims that they made his condition worse.

The Court's July 6, 2026 M&O was mailed that day to Plaintiff at his address of record at the SCJ. On July 7, 2026, the Court received Plaintiff's notice of his change of address to the El Dorado Correctional Facility ("EDCF"). (Doc. 12.) Therefore, the Court remailed the M&O to Plaintiff at EDCF on July 8, 2026. When the mail to EDCF was returned as undeliverable, the Court discovered that pursuant to the Kansas Department of Corrections Plaintiff had been at LCF since July 23, 2026. Although the Court did not receive a change of address from Plaintiff, the Court remailed another copy of the M&O to Plaintiff at LCF on August 17, 2026. (Doc. 16.)

Plaintiff filed a response (Doc. 15) to the Court's MOSC at Doc. 9, but has not filed a response to the M&O. Most of Plaintiff's response at Doc. 15 is illegible.[2] On September 20, 2026, the Court entered an Order (Doc. 20) granting Plaintiff "one last opportunity to file a response to the M&O." (Doc. 20, at 2.) The Court ordered Plaintiff to show good cause why his claims in Counts II and III should not be dismissed for the reasons set forth in the Court's M&O at Doc. 11. *Id.* The Order provides that "[f]ailure to respond by the deadline may result in dismissal of these claims without further notice for failure to state a claim." *Id.* Plaintiff has failed to file a response by the October 7, 2026 deadline set forth in the Order. Plaintiff has failed to show good cause why his claims in Counts II and III should not be dismissed for failure to state a claim.

As Count II, Plaintiff alleges that "they" placed him in a cell with feces in it on March 13, 2026. (Doc. 10, at 2–5.) The Court advised Plaintiff in the MOSC that because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered."

---

[2] It appears from the legible portions of the response that it addresses Plaintiff's hernia and repeats the claim that he was forced to eat in a cell that had feces in it. He does not state that he was subjected to the conditions in the cell for more than one or two days, and he fails to allege who was responsible for placing him in the cell or who he told about the feces in the cell. *See* Doc. 15, at 4.

*Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted). Plaintiff failed to allege that he was subjected to the conditions in the cell for more than one or two days.

Plaintiff also failed to allege who was responsible for placing him in the cell or who he told about the feces in the cell. He mentions correctional officers, but he has not named a correctional officer as a defendant. The Court advised Plaintiff in the MOSC that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). An assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or to show personal responsibility by an individual defendant. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249–50 (10th Cir. 2020) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir.

2013)).

The Court found in the M&O that Plaintiff failed to show personal participation and has failed to show deliberate indifference. The Court ordered Plaintiff to show good cause why his claim in Count II should not be dismissed for failure to state a claim.

Plaintiff alleges in Count III that the nurses told him to put in a sick call request when he was not feeling well, and it caused him to fall down some stairs. (Doc. 10, at 6.) Plaintiff fails to name who he told that he was not feeling well. Plaintiff has also failed to provide details on why being asked to put in a sick call request caused him to fall down some stairs. Plaintiff has failed to allege deliberate indifference by any defendant and has failed to allege a serious medical need. A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). The Court ordered Plaintiff to show good cause why his claim in Count III should not be dismissed for failure to state a claim.

Plaintiff has failed to show good cause why his claims in Counts II and III should not be dismissed for the reasons set forth in the M&O. The Court dismisses those claims for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims in Counts II and III are **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 13, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**